UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARITECH COMMERCIAL INC.** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. |
| | * | |
| **MED BROKERAGE & MANAGEMENT CORP. and IBRAHIM MAZMAN** | * | SECTION: |
| | * | |
| | * | |

*******************************************

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, MARiTECH COMMERCIAL, Inc., ("Maritech"), who respectfully represents as follows in this Complaint for Damages:

**PARTIES**

1.

Made plaintiff herein is:

a. **Maritech Commercial, Inc.**, a Louisiana corporation licensed to do and doing business in the State of Louisiana.

2.

Made defendants herein are:

a. **Med Brokerage & Management Corporation** ("Med Brokerage"), a New York corporation doing business in the State of Louisiana; and

b. **Ibrahim Mazman**, believed to be a resident of New York City, New York. Service of this Complaint will be perfected via Waiver of Service and Summons.

**JURISDICTION AND VENUE**

3.

Jurisdiction herein is invoked pursuant to 28 U.S.C. §1332 as the parties' citizenships are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.

Venue is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to this claim occurred in the Eastern District of Louisiana. Specifically, because of Maritech's skill and reputation in the maritime surveying industry, Ibrahim Mazman and Med Brokerage solicited Maritech to perform various survey-related services for and on behalf of Mr. Mazman and Med Brokerage. Accordingly, Mr. Mazman and Med Brokerage have availed themselves of jurisdiction and venue in the Eastern District of Louisiana.

**FACTS**

5.

Maritech is a premier independent marine/cargo surveying company with its principal place of business in Kenner, Louisiana.

6.

Maritech also maintains offices in Houston, Texas; Tampa, Florida; and Bombay, India, and routinely performs professional survey-related services for multi-national corporations worldwide.

7.

Med Brokerage was founded in 1995 by Ibrahim Mazman as a ship brokerage house catering to physical commodity traders.

8.

Between approximately July 6, 2010 and December 23, 2010, Maritech provided various survey-related services in locations around the world to Med Brokerage and at the sole request of Med Brokerage.

9.

As was custom between the parties, Mr. Mazman would solicit Maritech's services via email(s) sent directly from Mr. Mazman or various other Med Brokerage agents to Captain Chander Gorowara, a managing member and director of Maritech.

10.

Said email(s) constituted an offer made by Med Brokerage for Maritech's professional services.

11.

Capt. Gorowara, acting on behalf of Maritech, would accept Med Brokerage's offer(s) seeking professional services by replying to Med Brokerage's email(s) where Med Brokerage would solicit Maritech's professional services.

12.

Capt. Gorowara, by each reply email sent to Med Brokerage, bound Maritech in writing to complete various surveying services solicited by Med Brokerage.

13.

Accordingly, each solicitation made by Med Brokerage for Maritech's professional services constituted a valid, binding contract between the parties.

14.

Upon completion of each particular survey, which alone constituted a valid, binding contract between the parties, Maritech routinely would provide to Med Brokerage an invoice accurately describing what services were performed as well as the cost of said services.

15.

In addition to professional service fees related to Maritech's professional services, the invoices sent to Med Brokerage also included actual costs of travel and accommodation expenses, where applicable.

16.

Each invoice, which further outlined Maritech's acceptance of Med Brokerage's offer to perform professional services, constituted a valid, binding contract between the parties.

17.

Per each invoice, Med Brokerage agreed to pay the invoice amount as stated.

18.

Maritech has repeatedly demanded payment from Med Brokerage of the amounts Maritech invoiced for its professional services, and to which amounts Maritech is entitled.

19.

To date, despite several professional courtesies extended by Maritech and several attempts to reach an amicable settlement, Med Brokerage has refused to pay in full the grossly outstanding amounts it owes Maritech for the professional services provided by Maritech.

20.

Med Brokerage has provided Maritech with no reason for its refusal to remit to Maritech the monies it owes Maritech for professional services rendered, and Med Brokerage continues to wrongfully withhold such sums from Maritech.

21.

To date, Med Brokerage has not paid, still owes and is indebted to Maritech in the principal amount of $83,387.44, exclusive of any interest, costs or attorney's fees.

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

22.

Maritech incorporates by reference all prior allegations herein.

23.

Each email exchange is a valid and binding written contract, whereby Maritech accepted Med Brokerage's offer to perform professional services.

24.

Each invoice detailing Med Brokerage's offer, Maritech's acceptance of said offer, and the consideration owed for professional services performed constitutes a valid and binding written contract between Maritech and Med Brokerage.

25.

Pursuant to each invoice, Med Brokerage is obligated to pay Maritech for the professional services performed.

26.

At all pertinent times, Maritech accepted Med Brokerage's offer to perform professional services.

27.

Pursuant to La. Civ. Code Ann. art. 1991, Med Brokerage defaulted on its contract with Maritech when Med Brokerage failed to pay Maritech's invoices for professional services already performed.

28.

Per the invoices at issue, Med Brokerage owes Maritech the principal amount of $83,387.44.

**SECOND CAUSE OF ACTION – OPEN ACCOUNT**

29.

Maritech incorporates by reference all prior allegations herein.

30.

Maritech and Med Brokerage entered into binding agreements per the email exchanges and invoices, whereby Maritech agreed to provide various professional services to Med Brokerage.

31.

Maritech and Med Brokerage expressly agreed in writing to the fees that Maritech would charge Med Brokerage for the various professional services performed.

32.

The fees Maritech charged Med Brokerage for its various professional services were Maritech's usual, customary and reasonable fees.

33.

Med Brokerage has refused and/or failed to pay Maritech the amounts it owes Maritech on numerous past due invoices.

34.

Med Brokerage owes the principal amount of $83,387.44 to Maritech based on past due invoices alone.

35.

In addition to the principal sum owed to Maritech, Med Brokerage is also liable to Maritech under La. Rev. Stat. Ann. §9:2781 for all collection fees, costs, expenses and attorney's fees.

### THIRD CAUSE OF ACTION - ACCOUNT STATED

36.

Maritech incorporates by reference all prior allegations herein.

37.

Pursuant to each invoice, Med Brokerage established an account whereby it became indebted to Maritech for fees due on professional services already rendered.

38.

For each professional service project offered by Med Brokerage and accepted and performed by Maritech, Maritech would issue an invoice to Med Brokerage, to which payment was due to Maritech upon receipt of said invoice.

39.

Accordingly, Med Brokerage has not paid, owes and is indebted to Maritech on an account stated in the principal amount of $88,387.44, as well as collection fees, costs, expenses and attorney's fees.

### FOURTH CAUSE OF ACTION - DETRIMENTAL RELIANCE

40.

Maritech incorporates by reference all prior allegations herein.

41.

Med Brokerage, by way of its offer and solicitation to Maritech seeking its professional services, promised to pay and obligated itself to pay certain charges that were invoiced by Maritech to Med Brokerage after said professional services were provided by Maritech.

42.

In reliance upon Med Brokerage's promises, Maritech devoted substantial resources and incurred significant expenses in providing its professional services to Med Brokerage.

43.

Med Brokerage knew or should have known that its promises would induce Maritech to incur expenses in reliance on Med Brokerage's promises.

44.

Med Brokerage benefited from Maritech's professional services without paying for the professional services due to Maritech per each email exchange and each corresponding invoice.

45.

By way of its silence, Med Brokerage has ultimately refused to pay Maritech the agreed upon fees despite Maritech's complete performance of its obligations under each email exchange and each corresponding invoice.

46.

Med Brokerage is liable to Maritech for all of the resources that Maritech devoted to its performance in addition to all of the costs and expenses that Maritech incurred in providing its various services to Med Brokerage.

## FIFTH CAUSE OF ACTION - ENRICHMENT WITHOUT CAUSE AND QUANTUM MERUIT

47.

Maritech incorporates by reference all prior allegations herein.

48.

Maritech devoted resources and incurred expenses in providing its various professional services to Med Brokerage.

49.

Med Brokerage benefited from Maritech's professional services without ever paying Maritech the fees and costs for the professional services that Med Brokerage agreed to pay per each invoice, which still remain outstanding.

50.

Med Brokerage has wrongfully accepted and retained, and continues to wrongfully accept and retain, the benefits of the fees it owes Maritech for the various professional services Maritech provided.

51.

Pursuant to La. Civ. Code Ann. art 2298, Med Brokerage is obligated to pay Maritech the fees that Maritech is due.

## REQUEST FOR JURY

52.

Maritech requests a trial by jury.

WHEREFORE, Plaintiff, MARiTECH COMMERCIAL, Inc., prays that Defendants, Med Brokerage & Management Corp. and Ibrahim Mazman, be served with a copy of this Complaint and be duly cited to appear and respond as appropriate to this Complaint and that after

all legal delays and due proceedings are had, there be judgment herein in favor of MARiTECH COMMERCIAL, Inc.; and that Med Brokerage & Management Corp. and Ibrahim Mazman be found liable to MARiTECH COMMERCIAL, Inc., in the principal amount of $83,387.44; and that Med Brokerage & Management Corp. and Ibrahim Mazman be held liable for all collection fees, litigation costs, expenses and attorney's fees incurred in connection with this suit, and for all other general and equitable relief.

        Respectfully submitted,

        HUBER, SLACK, HOUGHTALING,
        PANDIT & THOMAS, L.L.P.

        *s/Rajan Pandit*
        STEPHEN M. HUBER, Bar No. 24463
        RAJAN PANDIT. Bar No. 32215
        1100 Poydras Street, Suite 1405
        New Orleans, LA  70163
        Telephone:     (504) 274-2500
        Facsimile:       (504) 910-0838
        ATTORNEYS FOR PLAINTIFF,
        MARITECH COMMERCIAL, INC.