UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARITECH COMMERCIAL INC.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.  11-1111** |
| | * | |
| **MED BROKERAGE & MANAGEMENT** | * | |
| **CORP. and IBRAHIM MAZMAN** | * | |

*****************************************************************************

## PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Maritech Commercial Inc., who files this First Supplemental and Amended Complaint, as follows:

I.

Plaintiff re-alleges and re-avers all allegations, assertions and demands made in its original Complaint, previously filed on May 10, 2011, as if copied herein in extenso.

II.

Plaintiff amends Paragraph 4 of Plaintiff's original Complaint so that Paragraph 4 reads as follows:

4.

Venue is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to this claim occurred in the Eastern District of Louisiana.  Specifically, because of Maritech's

1

skill and reputation in the maritime surveying industry, Med Brokerage and Mr. Mazman repeatedly solicited Maritech within the Eastern District of Louisiana to perform various survey-related services for and on behalf of both Med Brokerage and Mr. Mazman. Further, Maritech repeatedly accepted said solicitations by Med Brokerage and Mr. Mazman, thus executing a valid, contract within the Eastern District. Also, much of Maritech's work was done within the Eastern District. Accordingly, Med Brokerage and Mr. Mazman have availed themselves of jurisdiction and venue in the Eastern District of Louisiana.

VIII.

Plaintiff amends Paragraph 8 of Plaintiff's original Complaint so that Paragraph 8 reads as follows:

8.

Between approximately July 6, 2010 and December 23, 2010, Med Brokerage and Mr. Mazman made continuous direct contact by phone and email with Maritech's Kenner, Louisiana office soliciting Maritech to provide various survey-related services in locations around the world and at the sole request of both Med Brokerage and Mr. Mazman. For example, Med Brokerage and Mr. Mazman solicited Maritech to conduct surveys in Brazil, South Africa, the United Arab Emirates and many other locations.

IV.

Plaintiff amends Paragraph 9 of Plaintiff's original Complaint so that Paragraph 9 reads as follows:

9.

As was custom between the parties, Mr. Mazman would solicit Maritech's services via

emails and/or phone calls sent and/or made directly from Mr. Mazman or other Med Brokerage agents to Captain Chander Gorowara, a managing member and director of Maritech whose principal office is based in Kenner, Louisiana, which lies in the Eastern District of Louisiana. Upon acceptance of a job, Maritech would then send a surveyor into the field to collect the raw data necessary for Maritech to prepare a survey report. The surveyor, upon collection of the raw data, would then furnish Capt. Gorowara with his findings at Maritech's Kenner, Louisiana office. From Maritech's main office in Kenner, Louisiana, Capt. Gorowara prepared and completed his surveys and presented his findings to Med Brokerage and Mr. Mazman in a final report.

X.

Plaintiff amends Paragraph 10 of Plaintiff's original Complaint so that Paragraph 10 reads as follows:

10.

Said emails and phone calls constituted offers made by Med Brokerage and Mr. Mazman for Maritech's professional services.

XI.

Plaintiff amends Paragraph 11 of Plaintiff's original Complaint so that Paragraph 11 reads as follows:

11.

Capt. Gorowara, acting on behalf and with the authority of Maritech, would accept Med Brokerage and Mr. Mazman's offers seeking professional services by replying to the emails and phone calls from Med Brokerage and Mr. Mazman soliciting Maritech's professional services.

XII.

Plaintiff amends Paragraph 12 of Plaintiff's original Complaint so that Paragraph 12 reads as follows:

12.

Capt. Gorowara, by each reply email sent to Med Brokerage and Mr. Mazman, bound Maritech in writing to complete various surveying services solicited by Med Brokerage and Mr. Mazman.

XIII.

Plaintiff amends Paragraph 13 of Plaintiff's original Complaint so that Paragraph 13 reads as follows:

13.

Accordingly, each solicitation made by Med Brokerage and Mr. Mazman for Maritech's professional services and each acceptance by Maritech constituted a valid, binding contract between the parties.

XIV.

Plaintiff amends Paragraph 14 of Plaintiff's original Complaint so that Paragraph 14 reads as follows:

14.

Upon completion of each particular survey, which alone constituted a valid, binding contract between the parties, Maritech routinely would provide Med Brokerage and Mr. Mazman with an invoice statement accurately describing what services were performed as well as the cost of said services. Each statement sent by Maritech to Med Brokerage and Mr. Mazman was sent from

Maritech's Kenner, Louisiana-based office to Med Brokerage and Mr. Mazman's corporate office. Each statement also included wire transfer information to Maritech's Kenner, Louisiana bank for payment of work performed on behalf of Med Brokerage and Mr. Mazman.

XV.

Plaintiff amends Paragraph 15 of Plaintiff's original Complaint so that Paragraph 15 reads as follows:

15.

In addition to professional service fees related to Maritech's professional services, the invoices sent to Med Brokerage and Mr. Mazman also included actual costs of travel and accommodation expenses, where applicable.

XVI.

Plaintiff amends Paragraph 16 of Plaintiff's original Complaint so that Paragraph 16 reads as follows:

16.

Each invoice, which further outlined Maritech's acceptance of Med Brokerage and Mr. Mazman's offer to perform professional services, constituted a valid, binding contract between the parties.

XVII.

Plaintiff amends Paragraph 17 of Plaintiff's original Complaint so that Paragraph 17 reads as follows:

17.

Per each invoice, Med Brokerage and Mr. Mazman agreed to pay the invoice amount as

5

stated.

XVIII.

Plaintiff amends Paragraph 18 of Plaintiff's original Complaint so that Paragraph 18 reads as follows:

18.

Maritech has repeatedly demanded payment from Med Brokerage and Mr. Mazman of the amounts Maritech invoiced for its professional services, and to which amounts Maritech is entitled.

XIX.

Plaintiff amends Paragraph 19 of Plaintiff's original Complaint so that Paragraph 19 reads as follows:

19.

On May 10, 2011, after several professional courtesies were extended seeking an amicable settlement, Maritech filed suit to collect the outstanding sums owed by Med Brokerage and Mr. Mazman. On the following day, May 11, 2011, Med Brokerage and Mr. Mazman wired $45,707.55 from an overseas cash account to Maritech's Kenner, Louisiana-based bank. To date, despite several attempts to reach an amicable settlement on the outstanding amounts owed, Med Brokerage and Mr. Mazman have refused to pay in full the outstanding amounts owed to Maritech for the professional services performed by Maritech.

XX.

Plaintiff amends Paragraph 20 of Plaintiff's original Complaint so that Paragraph 20 reads as follows:

20.

Neither Med Brokerage nor Mr. Mazman have provided Maritech with any valid reason for its refusal to remit to Maritech the monies it owes Maritech for professional services rendered, and Med Brokerage and Mr. Mazman continue to wrongfully withhold such sums from Maritech.

XXI.

Plaintiff amends Paragraph 21 of Plaintiff's original Complaint so that Paragraph 21 reads as follows:

21.

To date, Med Brokerage and Mr. Mazman have not paid, still owe and are indebted to Maritech for outstanding sums, exclusive of any interest, costs or attorney's fees.

XXII.

Plaintiff amends Paragraph 23 of Plaintiff's original Complaint so that Paragraph 23 reads as follows:

23.

Each email exchange constitutes a valid and binding written contract, whereby Maritech accepted Med Brokerage and Mr. Mazman's offer to perform professional services.

XXIII.

Plaintiff amends Paragraph 24 of Plaintiff's original Complaint so that Paragraph 24 reads as follows:

24.

Each invoice statement detailing Med Brokerage and Mr. Mazman's offer to perform work, Maritech's acceptance of said offer to perform work, and the consideration owed for professional

services performed constitutes a valid and binding written contract between Maritech, Med Brokerage and Mr. Mazman.

XXIV.

Plaintiff amends Paragraph 25 of Plaintiff's original Complaint so that Paragraph 25 reads as follows:

25.

Pursuant to each invoice, Med Brokerage and Mr. Mazman are obligated to pay Maritech the outstanding sums owed for the professional services performed.

XXIV.

Plaintiff amends Paragraph 26 of Plaintiff's original Complaint so that Paragraph 26 reads as follows:

26.

At all pertinent times, Maritech accepted Med Brokerage and Mr. Mazman's offer to perform professional services.

XXV.

Plaintiff amends Paragraph 27 of Plaintiff's original Complaint so that Paragraph 27 reads as follows:

27.

Pursuant to La. Civ. Code Ann. art. 1991, Med Brokerage and Mr. Mazman defaulted on its contract with Maritech when Med Brokerage and Mr. Mazman failed to pay Maritech's invoices for professional services already performed.

XXVI.

Plaintiff amends Paragraph 28 of Plaintiff's original Complaint so that Paragraph 28 reads as follows:

28.

Per the invoices at issue, Med Brokerage and Mr. Mazman continue to owe Maritech outstanding sums for professional services rendered.

XXVII.

Plaintiff amends Paragraph 30 of Plaintiff's original Complaint so that Paragraph 30 reads as follows:

30.

Maritech, Med Brokerage and Mr. Mazman entered into binding agreements per the email exchanges, phone calls and invoice statements where Maritech agreed to provide various professional services to Med Brokerage and Mr. Mazman for payment of agreed-upon sums.

XXVIII.

Plaintiff amends Paragraph 31 of Plaintiff's original Complaint so that Paragraph 31 reads as follows:

31.

Med Brokerage and Mr. Mazman expressly agreed in writing to the fees that Maritech would charge Med Brokerage and Mr. Mazman for the various professional services performed.

XXIX.

Plaintiff amends Paragraph 32 of Plaintiff's original Complaint so that Paragraph 32 reads as follows:

32.

The fees Maritech charged Med Brokerage and Mr. Mazman for its various professional services were Maritech's usual, customary and reasonable fees.

XXX.

Plaintiff amends Paragraph 33 of Plaintiff's original Complaint so that Paragraph 33 reads as follows:

33.

Med Brokerage and Mr. Mazman have refused and/or failed to pay Maritech the amounts it owes Maritech on numerous past due invoices.

XXXI.

Plaintiff amends Paragraph 34 of Plaintiff's original Complaint so that Paragraph 34 reads as follows:

34.

Med Brokerage and Mr. Mazman currently owe outstanding sums to Maritech based on past due invoices.

XXXII.

Plaintiff amends Paragraph 35 of Plaintiff's original Complaint so that Paragraph 35 reads as follows:

35.

In addition to the principal sum owed to Maritech, Med Brokerage and Mr. Mazman are also liable to Maritech under La. Rev. Stat. Ann. §9:2781 for all collection fees, costs, expenses and attorney's fees.

XXXIII.

Plaintiff amends Paragraph 37 of Plaintiff's original Complaint so that Paragraph 37 reads as follows:

37.

Pursuant to each invoice, Med Brokerage and Mr. Mazman established an account whereby it became indebted to Maritech for fees due on professional services already rendered.

XXXIV.

Plaintiff amends Paragraph 38 of Plaintiff's original Complaint so that Paragraph 38 reads as follows:

38.

For each professional service project offered by Med Brokerage and Mr. Mazman and accepted and performed by Maritech, Maritech would issue an invoice statement to Med Brokerage and Mr. Mazman where payment was due to Maritech upon receipt of said invoice.

XXXV.

Plaintiff amends Paragraph 39 of Plaintiff's original Complaint so that Paragraph 39 reads as follows:

39.

Accordingly, Med Brokerage and Mr. Mazman have not paid, currently owe and are indebted to Maritech on an account stated for all outstanding sums, as well as collection fees, costs, expenses and attorney's fees.

XXXVI.

Plaintiff amends Paragraph 41 of Plaintiff's original Complaint so that Paragraph 41 reads as

follows:

41.

Med Brokerage and Mr. Mazman, by way of their offer and solicitation to Maritech seeking its professional services, promised to pay and obligated them to pay certain charges that were invoiced by Maritech to Med Brokerage and Mr. Mazman after said professional services were performed by Maritech.

XXXVII.

Plaintiff amends Paragraph 42 of Plaintiff's original Complaint so that Paragraph 42 reads as follows:

42.

Relying upon Med Brokerage and Mr. Mazman's promises, Maritech devoted substantial resources and incurred significant out-of-pocket expenses in providing its professional services to Med Brokerage and Mr. Mazman.

XXXVIII.

Plaintiff amends Paragraph 43 of Plaintiff's original Complaint so that Paragraph 43 reads as follows:

43.

Med Brokerage and Mr. Mazman knew or should have known that its promises would induce Maritech to incur such expenses in reliance upon Med Brokerage and Mr. Mazman's promises to pay Maritech's invoice statements.

XXXIX.

Plaintiff amends Paragraph 44 of Plaintiff's original Complaint so that Paragraph 44 reads as

follows:

44.

Med Brokerage and Mr. Mazman benefited from Maritech's professional services without paying for those professional services owed to Maritech per each email exchange, phone call and corresponding invoice statement.

XXXX.

Plaintiff amends Paragraph 45 of Plaintiff's original Complaint so that Paragraph 45 reads as follows:

45.

Med Brokerage and Mr. Mazman have refused to pay Maritech the agreed upon fees despite Maritech's complete performance of its obligations under each email exchange, phone call and corresponding invoice statement.

XXXXI.

Plaintiff amends Paragraph 46 of Plaintiff's original Complaint so that Paragraph 46 reads as follows:

46.

Med Brokerage and Mr. Mazman are liable to Maritech for all of the resources that Maritech devoted to its performance in addition to all of the costs and expenses that Maritech incurred in providing its various services to Med Brokerage.

XXXXII.

Plaintiff amends Paragraph 48 of Plaintiff's original Complaint so that Paragraph 48 reads as follows:

48.

Maritech devoted resources and incurred expenses in providing its various professional services to Med Brokerage and Mr. Mazman.

XXXXIII.

Plaintiff amends Paragraph 49 of Plaintiff's original Complaint so that Paragraph 49 reads as follows:

49.

Med Brokerage and Mr. Mazman benefited from Maritech's professional services without paying Maritech the fees and costs for the professional services that Med Brokerage and Mr. Mazman agreed to pay per each invoice statement, which remain outstanding.

XXXXIV.

Plaintiff amends Paragraph 50 of Plaintiff's original Complaint so that Paragraph 50 reads as follows:

50.

Med Brokerage and Mr. Mazman have wrongfully accepted and retained, and continue to wrongfully accept and retain, the benefits of the services performed and the amounts outstanding that it owes Maritech for the various professional services that Maritech provided.

XXXXV.

Plaintiff amends Paragraph 51 of Plaintiff's original Complaint so that Paragraph 51 reads as follows:

51.

Pursuant to La. Civ. Code Ann. art 2298, Med Brokerage and Mr. Mazman are obligated

to pay Maritech the outstanding sums that Maritech is due.

**WHEREFORE**, plaintiff herein prays that its First Supplemental and Amended Complaint be deemed good, valid, and sufficient, and after due proceedings had, there be judgment rendered herein in its favor.  Plaintiff further prays that defendants, Med Brokerage & Management Corporation and Ibrahim Mazman, be served with a copy of the original Complaint as well as this First Supplemental and Amended Complaint and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of plaintiff and against defendants, in an amount that will fully compensate plaintiff for its damages pursuant to the evidence and in accordance with the law and for penalties and attorneys fees; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

        Respectfully submitted,

        HUBER, SLACK, HOUGHTALING,
        PANDIT & THOMAS, L.L.P.

        *s/Rajan Pandit*
        STEPHEN M. HUBER, Bar No. 24463
        RAJAN PANDIT. Bar No. 32215
        1100 Poydras Street, Suite 1405
        New Orleans, LA  70163
        Telephone:	(504) 274-2500
        Facsimile:	(504) 910-0838
        ATTORNEYS FOR PLAINTIFF
        MARITECH COMMERCIAL, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2011, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.

*s/Rajan Pandit*_____
RAJAN PANDIT
